James D. Riddet, Esq. (SBN 39826)
jriddet@bmkattorneys.com
Kenneth M. Miller (SBN 151874)
kmiller@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701

Attorneys for Defendant
Mark Rettenmaier

IN THE UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MARK RETTENMEIER,<br><br>Defendant | Case No. SA CR 14-0188 CJC<br><br>Testimony Required<br><br>Date: 2/1/16<br>Time: 9:00 am<br>Courtroom: 9B |

NOTICE OF MOTION AND MOTION TO SUPPRESS iPHONE AND FRUIT OF ITS ILLEGAL SEIZURE AND SEARCH; DECLARATION OF COUNSEL; DECLARATION OF MARK RETTENMAIER, M.D.; DECLARATION OF DIANE CASANOVA (EXHIBIT A FILED CONCURRENTLY AND UNDER SEAL)

# TABLE OF CONTENTS

Table of Contents .......... i

Table of Authorities .......... ii

Notice of Motion and Motion to Suppress iPhone and Fruit of its Illegal Seizure and Search .......... 1

Memorandum of Points and Authorities

I. Introduction .......... 3

II. Facts Re Seizure of iPhone .......... 4

III. Analysis .......... 5

A. Ordering Dr. Rettenmaier to Bring his iPhone Into his Residence (Where a Search Warrant Was Being Executed) Was a Warrantless Seizure of the iPhone that Violated His Fourth Amendment Rights .......... 5

B. Alternatively, the Seizure of the iPhone from Dr. Rettenmaier's Person, After he had Entered his Home, Was: a Seizure from His Person; Outside the Scope of the Warrant; and, a Violation Of his Fourth Amendment Rights .......... 6

IV. Conclusion .......... 8

Declarations

Exhibit

# TABLE OF AUTHORITIES

Cases:

*Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 91 S.Ct. 2022, 2031-32, 29 L.Ed.2d 564 (1971) .................................. 6

*Franks v. Delaware,* 438 U.S. 154 (1978) .................................. 3

*Katz v. United States*, 389 U.S. 347, 357 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967) .................................. 6

*Maisano v. Welcher,* 940 F.2d 499, 503 (9th Cir. 1991 .................................. 5

*Riley v. California,* 134 S.Ct. 2473, 2484 (2014) .................................. 7

*United States v. Branch,* 545 F.2d 177, 181 (D.C. Cir. 1976) .................................. 7

*United States v. Cannon,* 264 F.3d 875, 880 (9th Cir. 2001) .................................. 5

*United States v. Crozier,* 777 F.2d 1376, 1381 (9th Cir. 1985) .................................. 4

*United States v. Jacobsen,* 466 U.S. 109, 113 (1984) .................................. 5

*United States v. Jones,* 132 S.Ct. 945, 949 (2012) .................................. 5

*United States v. Magana,* 512 F.2d 1169, 1171 (9th Cir. 1975) .................................. 5

*United States v. McIver,* 186 F.3d 1119, 1126 (9th Cir. 1999) .................................. 5

*United States v. Robertson,* 833 F.2d 777, 783-786 (9th Cir. 1987 .................................. 6, 7

*United States v. Sporleader* 635 F.2d 809, 811 (10th Cir. 1980) .................................. 6, 7

278419-1

James D. Riddet, Esq. (SBN 39826)
jriddet@bmkattorneys.com
Kenneth M. Miller (SBN 151874)
kmiller@bmkattorneys.com
BIENERT, MILLER & KATZMAN, PLC
903 Calle Amanecer, Suite 350
San Clemente, California 92673
Telephone (949) 369-3700
Facsimile (949) 369-3701

Attorneys for Defendant
Mark Rettenmaier

IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>MARK RETTENMEIER,<br><br>Defendant | Case No. SA CR 14-0188 CJC<br><br>NOTICE OF MOTION AND MOTION TO SUPPRESS iPHONE AND FRUIT OF ITS ILLEGAL SEIZURE AND SEARCH; DECLARATION OF COUNSEL; DECLARATION OF MARK RETTENMAIER, M.D.; DECLARATION OF DIANE CASANOVA (EXHIBIT A FILED CONCURRENTLY AND UNDER SEAL)<br><br>Testimony Required<br><br>Date: 2/1/16<br>Time: 9:00 am<br>Courtroom: 9B |

PLEASE TAKE NOTICE that on February 1, 2016, or as soon thereafter as counsel may be heard, Defendant Mark Rettenmaier, M.D. will bring on for hearing the following motion.

Dr. Rettenmaier, through his undersigned counsel of record, hereby moves this Honorable Court for an Order suppressing evidence of his iPhone and all evidence which is the fruit of the illegal seizure and search of his iPhone from the trial of this matter. This motion is made on the grounds that the iPhone was seized and subsequently searched in violation of Dr. Rettenmaier's rights under the Fourth Amendment to the United States Constitution. This motion is made pursuant to Federal Rules of Criminal Procedure 12 and 41.

This motion is based on the attached Memorandum of Points and Authorities, the attached declarations, the Court's files and records in this case, and any additional evidence and argument that may be presented to the Court at or before the hearing on this motion.

Dated: October 30, 2015

Respectfully submitted,

Bienert, Miller & Katzman

James D. Riddet

Attorneys for Mr. Rettenmeier

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Mark Rettenmaier, M.D. moves to suppress evidence of his iPhone, its contents, and any evidence (or "fruit") derived from its search and seizure. The search and seizure of the iPhone violated Dr. Rettenmaier's Fourth Amendment rights for two alternative reasons: first, the agents seized the iPhone when they ordered Dr. Rettenmaier to bring it into his home; and, second, the agent seized the iPhone when they took it away from him in his home.

Dr. Rettenmaier is a physician and surgeon specializing in Gynecologic Oncology since his Fellowship with the University of California, Irvine in 1981–1982. He is also an Adjunct Clinical Professor at the Keck School of Medicine, University of Southern California, and an Associate Clinical Professor at the University of California, Los Angeles.

FBI agents had a warrant to search Dr. Rettenmaier's home for child pornography.[1] Dr. Rettenmaier was preparing to perform surgery at the hospital and he had his iPhone with him. Because the agents wanted to seize and search the iPhone, they coaxed Dr. Rettenmaier to the house, ordered him to bring his iPhone into the house and then seized the iPhone from his person. A later search of the iPhone revealed alleged child pornography that is charged in Count 2 of the Indictment. As explained below, Dr. Rettenmaier's Fourth Amendment rights were repeatedly violated by the searches and seizures of the iPhone.

When the agents ordered Dr. Rettenmaier to bring his iPhone from his car (where it was not subject to seizure) into his home (where a search warrant was being executed) they affected a warrantless seizure in violation of his Fourth Amendment rights. But even assuming, *arguendo,* that the agents did not seize the phone when they ordered that it be

---

[1] Dr. Rettenmaier has moved separately to suppress evidence derived from the search warrant under *Franks v. Delaware,* 438 U.S. 154 (1978). That motion also applies to the search and seizure of the iPhone.

brought into the house, they still violated the Fourth Amendment when they seized the iPhone from Dr. Rettenmaier's person after he brought it into his home. That is because the warrant was directed to the premises, while the iPhone was on Dr. Rettenmaier's person, so the seizure was outside the scope of the warrant. Either way, because the seizure was outside the scope of the warrant for Dr. Rettenmaier's premises, and was not supported by an exception to the warrant requirement, the seizure violated Dr. Rettenmaier's Fourth Amendment rights. Therefore, the iPhone and the fruits of the illegal seizure (e.g., evidence obtained from the iPhone in a subsequent search) must be suppressed. *See United States v. Crozier,* 777 F.2d 1376, 1381 (9th Cir. 1985) (seized evidence that falls outside the scope of a warrant must be suppressed).

## II. FACTS RE SEIZURE OF iPHONE

FBI Agents arrived at the Rettenmaier household with a search warrant directed to "[t]he residence located at 25462 Rodeo Circle, Laguna Hills, California 92653 ("SUBJECT PREMISES")." See Exhibit A (search warrant) filed separately and under seal. At the time, Dr. Rettenmaier was at work preparing for surgery, but his wife was home. *See* attached Declaration of Mark Rettenmaier, M.D. The Agents directed her to call Dr. Rettenmaier and tell him to come home. She complied. *See* attached Declaration of Diane Casanova. Dr. Rettenmaier cancelled the surgery and drove home. *Id.* at ¶2.

Dr. Rettenmaier was met in his driveway by FBI Agents and Dr. Rettenmaier was unable to pull into his garage. The agents had FBI jackets and they were armed. Dr. Rettenmaier's iPhone was in a holster in his car that was visible from the outside. One agent looked in the car window and directed Dr. Rettenmaier to bring his iPhone with him into the house. *Id.* at ¶3.

Dr. Rettenmaier walked to the front of the house where he was met by more agents, patted down and directed where to sit. His phone rang before he could sit down, he answered it, and an agent took the iPhone from him. The agent began scrolling through photos and showing something to another agent. Dr. Rettenmaier could not see what they

were looking at, but he did have sensitive photos of some of his patients' tumors. Dr. Rettenmaier never consented to the seizure and search of his iPhone. *Id.* at ¶4.

## III. ANALYSIS

### A. Ordering Dr. Rettenmaier to Bring his iPhone Into his Residence (Where a Search Warrant Was Being Executed) Was a Warrantless Seizure of the iPhone that Violated His Fourth Amendment Rights

The search warrant was for a place—Dr. Rettenmaier's home. As such, it *only* authorized the search of areas within the "curtilage" of that home. *See United States v. Cannon,* 264 F.3d 875, 880 (9th Cir. 2001).

Dr. Rettenmaier's phone was in his car and the car was parked in his driveway, when agents *ordered* him to bring it into his home. Under long standing Ninth Circuit precedent, Dr. Rettenmaier's driveway was outside the curtilage of his home. *See United States v. McIver,* 186 F.3d 1119, 1126 (9th Cir. 1999), abrogated on other grounds by *United States v. Jones,* 132 S.Ct. 945, 949 (2012) (driveway open to observation by passersby, and not enclosed by fence or gate, was outside curtilage of house); *Maisano v. Welcher,* 940 F.2d 499, 503 (9th Cir. 1991) (same); *United States v. Magana,* 512 F.2d 1169, 1171 (9th Cir. 1975) (same). Thus, it was outside the scope of the warrant.

"A 'seizure' of property occurs when there is some meaningful interference with an individual's possessory interest in that property." *United States v. Jacobsen,* 466 U.S. 109, 113 (1984). By ordering Dr. Rettenmaier to bring his iPhone from his car into his home, the agents interfered with his right to leave the iPhone in his car (where it was not subject to seizure) and instead forced him to bring it into his home (where the agents believed it was subject to seizure). Dr. Rettenmaier obviously could not disregard their command. Because the agent interfered with Dr. Rettenmaier's possessory interest in his iPhone, the agent effectively seized it. And there was no exception to the warrant requirement to justify the seizure or subsequent search. Thus, both the search and seizure of the iPhone violated Dr. Rettenmaier's Fourth Amendment rights. The iPhone and all other fruit of this unlawful seizure must be suppressed.

### B. Alternatively, the Seizure of the iPhone from Dr. Rettenmaier's Person, After he had Entered his Home, Was: a Seizure from his Person; Outside the Scope of the Warrant; and, a Violation of his Fourth Amendment Rights

Even after Dr. Rettenmaier brought the iPhone into his home, it was outside the scope of the warrant because it was on Dr. Rettenmaier's person, while the search warrant authorized only the search of his premises. In *United States v. Sporleader,* a DEA obtained a warrant to search "a fake radio shop at the subject location," based on an informant report that Sporleader was manufacturing drugs at the location. 635 F.2d 809, 811 (10th Cir. 1980). Sporleader was present when the search warrant was executed, he was searched too, and the DEA found an ounce of methamphetamine on his person. *Id.* Evidence of the drugs was suppressed and the Tenth Circuit affirmed.

> The search warrant and its supporting affidavit are directed only to "premises." Consequently, the methamphetamine discovered on defendant's person should have been suppressed unless the warrantless search that produced it comes within one of the "few specifically established and well-delineated exceptions" to "the most basic constitutional rule in this area ... that 'searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment.' " *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55, 91 S.Ct. 2022, 2031-32, 29 L.Ed.2d 564 (1971) (quoting Katz v. United States, 389 U.S. 347, 357, 88 S.Ct. 507, 514, 19 L.Ed.2d 576 (1967)).

*Sporleader,* 635 F.2d at 813 (footnote omitted).

The Ninth Circuit cited *Sporleader* with approval in *United States v. Robertson,* 833 F.2d 777, 783-786 (9th Cir. 1987), in which the DEA obtained a search warrant for a suspected methamphetamine lab. When they executed the warrant, Steeprow was on the

premises. An agent told her she could leave so long as she left her backpack and purse behind. She refused, the agents searched her backpack and found incriminating evidence. *Id.* at 779.

The warrant "authorized a search of 'the premises known as 855 68th Street, Springfield Oregon and the curtilage and appurtences [sic] and vehicles." *Id.* at 783. The government argued the back pack was covered by the "appurtences" or "curtilage" language. But the Ninth Circuit observed:

> The Supreme Court and other courts have repeatedly recognized that containers such as backpacks are so closely associated with one's person that a search of them must be supported by a warrant which satisfies the particularity requirement, or by one of the exceptions to the warrant requirement. In this case, particularity was absent, and no exception to the warrant requirement was available."

*Id.* at 784 (citations omitted). *See also United States v. Branch,* 545 F.2d 177, 181 (D.C. Cir. 1976) (warrant for premises search does not cover personal search).

Dr. Rettenmaier's iPhone was on his person when he entered his house. As in *Sporleader* and *Robertson,* the phone was associated with his person; not the SUBJECT PREMISES. *See Riley v. California,* 134 S.Ct. 2473, 2484 (2014) ("cell phones . . . are now such a pervasive and insistent part of daily life that the proverbial visitor from Mars might conclude *they were an important feature of the human anatomy.")* (emphasis added). The iPhone was part of Dr. Rettenmaier's person, while the warrant only covered the premises. Nor were the search and seizure covered by one of the narrow exceptions to the warrant requirement. Accordingly, the search and seizure violated his Fourth Amendment rights.

///

## IV. CONCLUSION

The agents' conduct was flagrant. They clearly did not have a warrant to search Dr. Rettenmaier's person—only his house. So they lured Dr. Rettenmaier back to his home, ordered him to bring his iPhone into the home and then seized it. Because the iPhone was in Dr. Rettenmaier's car, and the car was in his driveway (outside the curtilage of the home), Dr. Rettenmaier, his car and the iPhone were all outside the geographic reach of the warrant. Ordering Dr. Rettenmaier to bring his phone into the house was an unconstitutional seizure.

Alternatively, after Dr. Rettenmaier entered his home, the iPhone was on his person and was therefore outside the scope of the warrant that permitted only the search the premises (i.e., his home). Again, it was outside the scope of the warrant and its seizure and search violated the Fourth Amendment. Accordingly, evidence of the iPhone and the fruit of its illegal seizure and subsequent search must be suppressed.

Dated: October 30, 2015

Respectfully submitted,

Bienert, Miller & Katzman

James D. Riddet

Attorneys for Mark Rettenmeier